UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID CLARK, | |
| Petitioner, | No. 20 C 2431 |
| v. | Judge Thomas M. Durkin |
| MICHELLE EVANS, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

Petitioner David Clark filed a petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2254. R. 10. Illinois Attorney General Kwame Raoul[1] moved to dismiss the petition, arguing Clark failed to exhaust his state court remedies. R. 13. For the following reasons, the motion to dismiss is granted and the petition is denied without prejudice.

**Background**

Clark was found not guilty by reason of insanity of aggravated battery in DuPage County in January 2018. R. 13-1; 17 C 134. After civil commitment proceedings he was committed to Elgin Mental Health Center for treatment not to extend past August 7, 2020. R. 13-2; 17 C 134. He was released from Elgin Mental Health Center on that date but remains confined at a secure group home. R. 18 at 3.

---

[1] Clark brought his petition against Michelle Evans, the Hospital Administrator at Elgin Mental Health Center. Because he is no longer in the custody of Elgin Mental Health Center, the motion to dismiss and all subsequent documents have been filed by the Attorney General of Illinois, the appropriate respondent at this stage.

Clark filed several petitions for discharge or conditional release which were denied. R. 13-3. He did not appeal those decisions. R. 13 at 2. Clark then filed his amended habeas petition on July 14, 2020, arguing his counsel was ineffective for failing to assert a right to an independent evaluation under 405 ILCS 5/3-804; failing to inform him of his right to appeal; and failing to assert a right to a jury to determine if he was subject to involuntary commitment under 405 ILCS 5/3-802. R. 10 at 5-6.

The Attorney General filed a motion to dismiss the petition without prejudice on September 14, 2020, arguing Clark's claims are not exhausted because he failed to raise them in any state court. R. 13.

## Analysis

The Attorney General argues Clark failed to exhaust his state court remedies. R. 13. Because Clark wasn't criminally convicted, the Post-Conviction Hearing Act does not apply to him. *People v. Vincent*, 226 Ill.2d 1, 6 (2007) (The Act provides relief from criminal convictions). Instead, as both the Attorney General and Clark point out, 735 ILCS 2-1401 provides a potential remedy in state court. Section 2-1401 provides a comprehensive, statutory procedure that allows for relief from a final judgment older than 30 days and extends to criminal cases as well as civil. *Id*. at 7. Clark was not convicted of a crime, and his challenges to aspects of the proceedings leading to his commitment would therefore be appropriate under Section 2-1401, rather than the Post-Conviction Hearing Act.

Clark argues his state court remedies are foreclosed under 735 ILCS 2-1401(c) as more than two years have passed since entry of judgment.[2] R. 18 at 2. The Attorney General acknowledges that Clark would be untimely in state court, but points to the "legal disability" exception to the two-year rule. R. 19 at 2. In the alternative, the Attorney General argues Clark's claims are procedurally defaulted. The Court addresses each argument in turn.

I.  **If the Court Accepts Clark's Theory, His Claims are Procedurally Defaulted.**

Clark concedes he is untimely under 2-1401's two-year statute of limitations. He argues, however, that his untimeliness means he is "foreclosed" from bringing a petition in state court. R. 18 at 2. Futility can sometimes be a reason to excuse a failure to administratively exhaust. *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996)). But it was not futile for Clark to petition under 2-1401; he is simply late. Under Clark's theory, then, his habeas petition is procedurally defaulted and should be dismissed. *See Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014) (A claim is procedurally defaulted "when a petitioner fails to fairly present his claim to the state courts," and to fairly present his claim, "a petitioner must assert that claim throughout at least one complete round of state-court review"); *see also Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) ("In Illinois, this means that a petitioner

---

[2] *See* 725 ILCS 5/2-1401(c) ("[T]he petition must be filed no later than 2 years after the entry of judgment").

3

must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court.").[3]

## II. Clark Failed to Exhaust his State Court Remedies.

The Attorney General, however, points out that Clark may still have an avenue for relief in state court. Section 2-1401 includes an exception for "legal disability." *See* 725 ILCS 5/2-1401(c). Clark was found not guilty by reason of insanity, was committed to a mental health center, contends he is "diagnosed with a major mental illness that could cause him to be a threat to himself and others," and argues he had no access to legal resources while committed. R. 10 at 2, 6; R. 18 at 3. These arguments may be made, in state court, in support of the position that Clark suffered a legal disability and should be released from the two-year statute of limitations.

It is not for this Court to decide whether Clark will be successful in state court. The question before the Court is "'not whether the state could be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim.'" *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000) (quoting *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993)). Put simply,

---

[3] Procedural default does not act as an absolute bar, and courts may hear procedurally defaulted claims where a petitioner demonstrates cause for the default and prejudice resulting therefrom, *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977), or where he convinces the court that a miscarriage of justice will result if his claim is not entertained on the merits. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Clark makes no such argument here, and regardless, the Court need not reach that analysis, as his petition is being denied for a failure to exhaust state court remedies. If he exhausts his remedies in state court and returns to this Court, he would have the opportunity to demonstrate cause for the default and resulting prejudice. The Court is not making a determination as to whether Clark's claims would be procedurally defaulted after his state court remedies are exhausted.

if a petitioner can put his claim before the state courts, he must do so. *See United States ex rel. Porm v. Merchant*, No. 04 C 4304, 2004 WL 2533819, *2 (N.D. Ill. Sept. 28, 2004) (citing *Spreitzer*, 219 F.3d at 647). Clark has not yet done so, and his claims are therefore unexhausted.

In sum, Clark's failure to raise his claim in state court results in a dismissal at this stage under either scenario. Either (1) Clark is time-barred in state court and cannot present his claim, making it procedurally defaulted in this Court; or (2) Clark may still present his claims in state court and argue he suffered a legal disability, making his claims unexhausted for purposes of this proceeding. The Court finds the second scenario to be an accurate application of the exhaustion doctrine—Clark's claims may still be brought in state court, and he must present them there before filing in federal court.

### III. Certificate of Appealability

The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2254 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez v. Thaler*, 565 U.S. 134, 143 n.5 (2012). To obtain a certificate, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Here, the Court's denial of Clark's petition relies on application of well-settled precedent. Accordingly, certification of Clark's claims for appellate review is denied.

## Conclusion

For the foregoing reasons, the Attorney General's motion to dismiss, R. 13 is granted. Clark's § 2254 petition, R. 10 is denied without prejudice for failure to exhaust state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A).

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: October 27, 2021